UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NATIONWIDE PUBLIC INSURANCE ADJUSTERS INC, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-96 |
| | § | |
| EDCOUCH-ELSA I.S.D., *et al*, | § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Edcouch-Elsa I.S.D.'s ("EEISD") motion to dismiss.[1] After considering the motion, response,[2] reply,[3] and supplemental response,[4] record, and relevant authorities, the Court **GRANTS** the motion to dismiss Nationwide Public Insurance Adjusters, Inc.'s ("Nationwide") claims to the extent stated below. **But, with one exception, this dismissal does not apply to the *counterclaims* originally asserted by Nationwide and Jeff Greene ("Greene") in 7:12-cv-137 which has now been consolidated with this case.**

I.   Background

According to Nationwide, Nationwide and EEISD entered into a contract under which Nationwide would provide public adjusting services to EEISD to help with its property damage claim related to Hurricane Dolly and its claim for FEMA disaster relief funds.[5] Eventually, the relationship between Nationwide and EEISD broke down[6] and Nationwide sued EEISD.[7] In its

---

[1] Dkt. No. 8.
[2] Dkt. No. 15.
[3] Dkt. No. 17.
[4] Dkt. No. 22.
[5] Dkt. No. 5 at ¶ 4.
[6] Dkt. No. 5 at ¶¶ 10-20.
[7] Dkt. No. 1.

first amended complaint, Nationwide claims it is entitled to relief under one federal law theory (Racketeering Influenced Corrupt Organizations Act) and eight state law theories (civil conspiracy; breach of contract; equitable estoppel; fraud; negligent misrepresentation; intentional misrepresentation; quantum meruit; and waiver and/or ratification).[8]  Finally, Nationwide seeks declaratory relief, but does not specify whether the basis for the declaratory relief is state or federal law.[9]  EEISD moved to dismiss all Nationwide's claims.[10]

On August 5, 2009, EEISD filed a lawsuit in state court.[11]  In its self-styled "Plaintiff's Ninth Amended Petition, Answer to Intervention and Suit for Declaratory Relief," EEISD sued Nationwide and Greene.[12]  Nationwide and Greene filed an answer and asserted eight counterclaims in state court.[13]  Then, Nationwide and Greene removed the case to federal court under case number 7:12-cv-137.[14]  While EEISD's motion to dismiss was pending in this case, 7:12-cv-96, the Court consolidated the two cases.[15]

Because the motion to dismiss was filed prior to the consolidation, the Court will consider the motion to dismiss as if the two cases had not been consolidated.  The Court will then explain the implications of the dismissal and the consolidation going forward.

## II.     Motion to Dismiss Analysis

In its first amended petition, Nationwide alleges that EEISD committed violations of the Racketeering Influenced and Corrupt Organizations Act as well as several violations of Texas law.[16]  The Court will address the federal law claims and the state law claims separately.

---

[8] Dkt. No. 5 at ¶¶ 21-33.
[9] Dkt. No. 5 at ¶ 33.
[10] Dkt. No. 8.
[11] 5:12-cv-137 at Dkt. No. 1-7.
[12] 5:12-cv-137 at Dkt. No. 1-2 at pp. 3-6.
[13] 5:12-cv-137 at Dkt. No. 1-1 at pp. 19-32.
[14] 5:12-cv-137 at Dkt. No. 1.
[15] Dkt. No. 11.
[16] Dkt. No. 5 at ¶¶ 21-33.

A.   **Federal Law Claims**

Nationwide accuses EEISD of violating Racketeering and Influenced Corrupt Organizations Act ("RICO Act") by engaging in the racketeering activities of mail fraud and wire fraud.[17] EEISD responds that the RICO Act claims should be dismissed because governmental entities, including EEISD, may not be held liable under the RICO Act.[18] Nationwide did not respond to EEISD's argument that the RICO Act claims should be dismissed. Although the Court found no Fifth Circuit authority directly on point, another court in this district just issued a relevant opinion. In *Dale v. Missouri Governor Jay Nixon's Office*,[19] Judge Janis Graham Jack stated:

> There is strong authority that governmental entities, such as counties or government agencies, cannot be proper RICO defendants. *See Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir.1996) ("We summarily reject the tenants' RICO claims against the city . . . . [W]e held that government entities are incapable of forming the malicious intent necessary to support a RICO action."); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 915 (3d Cir.1991) ("We thus hold that a civil claim brought under section 1964(c) of the RICO Act . . . cannot be maintained against a municipal corporation."); *Nammari v. Town of Winfield*, 2009 WL 4757334, at *6 (N.D. Ind. Oct. 29, 2008) ("While a municipal entity may be a RICO enterprise . . . it is not subject to RICO liability .").[20]

This Court has reviewed the authorities cited by Judge Jack and finds that EEISD, a school district, may not be held liable under the RICO Act.[21] The Court **DISMISSES** the RICO Act claims against EEISD.

B.   **State Law Claims**

EEISD asserts Nationwide's state law claims should be dismissed because EEISD is immune to all of Nationwide's state law claims.[22] In its response, Nationwide argued that

---

[17] Dkt. No. 5 at ¶ 22.
[18] Dkt. No. 8 at ¶¶ 34-37.
[19] CIV. A. C-11-114, 2011 WL 1810321 (S.D. Tex. May 10, 2011).
[20] *Id*. at *3.
[21] *See* Dammon v. Folse, 846 F. Supp. 36 (E.D. La. 1994) (reconciling the approaches of the Third and Ninth Circuits in finding that a school board could not be held liable for a RICO violation.).

EEISD does not have Eleventh Amendment immunity.[23] In EEISD's reply, it clarified that it is not asserting Eleventh Amendment immunity, but is instead "rel[ying] on the common law doctrine of governmental immunity."[24] Accordingly, the Court will focus its analysis on whether EEISD is shielded from Nationwide's state law claims by governmental immunity.

The Supreme Court of Texas has provided significant guidance on issues of immunity. "A unit of state government is immune from suit and liability unless the state consents."[25] "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and *school districts*."[26]

Because this suit deals with a school district, the Court is concerned with governmental immunity. "In Texas, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether."[27] "Governmental immunity from suit defeats a court's subject matter jurisdiction. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity."[28] There are specific requirements for waiving immunity.

> Sovereign immunity and governmental immunity are common law doctrines, but we have traditionally deferred their waiver to the Legislature, assuming it to be 'better suited to balance the conflicting policy issues associated with waving immunity.' When dealing with these immunities, we have further required the Legislature to express its intent clearly and unambiguously.[29]

---

[22] Dkt. No. 8 at p. 5.
[23] Dkt. No. 15 at pp. 3-5.
[24] Dkt. No. 17. at ¶ 1.
[25] Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003) (citations omitted).
[26] Travis Cent. Appraisal Dist. v. Norman, 342 S.W.3d 54, 57-58 (Tex. 2011) (citation omitted) (emphasis added).
[27] Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006).
[28] *Whitley*, 104 S.W.3d at 542 (citations omitted).
[29] *Norman*, 342 S.W.3d at 58 (citations omitted).

Because "[a political subdivision] is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions[,]"[30] the Court will first determine whether this suit arises from EEISD's performance of proprietary or governmental functions. If the Court finds that the suit arises from EEISD's performance of a governmental function, the Court will then determine whether it has waived governmental immunity to any of the state law claims.

1.  **Proprietary or Governmental Function**

EEISD argues that school districts only perform governmental functions.[31] Nationwide argues that EEISD was performing a proprietary function when it contracted with Nationwide.[32] Here, the Court finds that this suit arises out of EEISD performance of a governmental function for two reasons.

First, the Court is unconvinced that school districts engage in any proprietary functions. As the Court of Civil Appeals stated in *Braun v. Trustees of Victoria Independent School District*:

> There is quite a distinction between a school district and a city or town. Cities and towns exercise a dual function, to wit, governmental and proprietary, while a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state. It performs no proprietary functions which are separate and independent of its governmental powers.[33]

Although *Braun* is an old case, it has the same precedential effect as an opinion of the Texas Supreme Court,[34] and it has been cited favorably in the intervening years.[35] The Court is

---

[30] Tooke v. City of Mexia, 197 S.W.3d 325, 343 (Tex. 2006).
[31] Dkt. No. 17 at ¶¶ 3-4.
[32] Dkt. No. 15 at p. 8.
[33] Braun v. Trs. of Victoria Indep. Sch. Dist., 114 S.W.2d 947, 950 (Tex. Civ. App.—San Antonio 1938, writ ref'd).
[34] *Id.*; Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., L.L.C., 324 S.W.3d 802, 808 (Tex. App.—Hous. [14th Dist.] 2010, no pet.).
[35] *Galveston*, 324 S.W.3d at 808; Fowler v. Tyler Indep. Sch. Dist., 232 S.W.3d 335, 338-40 (Tex. App.—Tyler 2007, pet. denied).

convinced that *Braun* is still good law.  As a school district, EEISD performs no proprietary functions.

Second, even if school districts are able to perform proprietary functions, the Court is persuaded that this suit arises out of a strictly governmental function.  Although Nationwide argues that schools are not required to hire outside insurance adjusters, this is a myopic view of the underlying facts in this case.  Looking at the broader picture, Nationwide was hired to help the school district maximize its recovery for damages caused to its facilities by a hurricane.  Once again, the Court finds *Braun* to be instructive:

> If we have schools, we must have school buildings and school grounds and it is nothing but natural that those conducting schools would like to beautify the school grounds by planting trees and shrubs and we are unwilling to hold that when they do so they have abandoned their main purpose of furthering education in the state . . . Education is not of local interest, but is statewide. The state is interested as much in one child's education as another's, and it matters not in what locality it resides.[36]

If beautifying the school grounds supports the statewide interest of education, so does a school's repair and maintenance of its facilities.  Thus, when EEISD was pursuing funds to repair damage to its facilities, it was performing a governmental function.  This suit arises out of the governmental function.  Now that the Court has determined that this suit arises out of a governmental function, governmental immunity applies.  Once again, "Governmental immunity from suit defeats a court's subject matter jurisdiction.  In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity."[37]  The Court now turns to waivers of immunity.

---

[36] *Braun*, 114 S.W.2d at 950.
[37] Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).

## 2. Waivers of Governmental Immunity

Because the Court has found that this action arises out of EEISD's performance of a governmental function, the Court must now determine whether EEISD has waived its governmental immunity.

### a. Texas Local Government Code § 271.152

Nationwide advances a single theory for why EEISD has waived its governmental immunity from suit. Specifically, Nationwide argues that EEISD's governmental immunity is waived from suit by § 271.152 of the Texas Local Government Code.[38] That section states in relevant part:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.[39]

If this statute applies, it would waive EEISD's governmental immunity from suit. But the Court is unconvinced that this statute applies in this situation because the statute is limited by the other "terms and conditions" in the subchapter. Critically, § 271.156 states: "This subchapter does not waive sovereign immunity to suit *in federal court*."[40]

In response to EEISD's § 271.156 argument, Nationwide makes the bold assertion that the statute is unconstitutional. In support of this assertion, Nationwide cites a number of cases which do not persuade the Court that the statute is unconstitutional. For example, *Atchison, Topeka & Santa Fe Railway Co. v. Sowers*[41] and *Texas Pipe Line Co. v. Ware*[42] dealt with

---

[38] Dkt. No. 15 at p. 9.
[39] Tex. Loc. Gov't Code Ann. § 271.152 (West Supp. 2011).
[40] Tex. Loc. Gov't Code Ann. § 271.156 (West Supp. 2011)(emphasis added).
[41] 213 U.S. 55 (1909).
[42] 15 F.2d 171, 172 (8th Cir. 1926).

limiting normal tort cases to specific courts, but did not deal with the issue of a waiver of governmental immunity.

Plaintiff also cites a portion of *Hobart v. City of Stafford*, which in turn cites *Lester v. Terry County, Texas*[43] for the proposition that § 271.156 is unconstitutional. In *Lester*, the court stated that "it is doubtful under the supremacy clause of the United States Constitution, Art. 6, cl. 2, whether a state could constitutionally deprive a federal court of jurisdiction which the Congress of the United States had otherwise given it."[44] The Court is unpersuaded by *Hobart* and *Lester* because both mention the supremacy clause in passing and neither contains significant legal analysis on this supremacy clause argument.

Nevertheless, the Court independently considered the implications of the supremacy clause, and finds that the supremacy clause is not violated merely because the state legislature enacted a limited waiver of governmental immunity for actions brought in state courts. The legislature could have chosen not to waive governmental immunity under any circumstances, and the Court is not persuaded that a waiver must be all-or-nothing. The Court finds that § 271.156 is constitutional. Therefore, § 271.152 does not waive EEISD's governmental immunity to suit in federal court.

b.  **Waiver by Conduct**

The Court will now consider whether EEISD has waived its governmental immunity to suit by its conduct. In recent years, Texas courts have wrestled with question of whether governmental immunity from suit may be waived by conduct.[45] But, last year, the Texas Supreme Court "reject[ed] the invitation to recognize a waiver-by-conduct exception in a breach-

---

[43] 784 F. Supp. 2d 732, 759 (S.D. Tex. 2011) (quoting 353 F. Supp. 170, 171-72 (N.D. Tex. 1973)) (citations omitted).
[44] *Lester*, 353 F. Supp. at 171-72.
[45] *See, e.g.*, Seureau v. ExxonMobil Corp., 274 S.W.3d 206 (Tex. App.—Hous. [14th Dist.] Oct. 16, 2008, no pet.).

of-contract suit against a governmental entity."[46]  Because this case is essentially a breach-of-contract suit, the Court finds that EEISD has not waived governmental immunity to suit by its conduct.

### C. Motion to Dismiss Conclusion

The Court has considered Nationwide's RICO Act claims against EEISD and is convinced that RICO Act claims may not be brought against a school district.  Accordingly, the Court **DISMISSES** Nationwide's RICO Act claims.  As to the state law claims, the Court finds that EEISD is entitled to governmental immunity and Nationwide has not demonstrated that EEISD has waived its governmental immunity.  Therefore, the Court **DISMISSES** Nationwide's state law claims against EEISD.  Finally, the Court **WITHHOLDS** its ruling on Nationwide's requests to declare whether the arbitration clause is valid and enforceable and to compel arbitration.

### III. What Claims Survive in the Consolidated Case?

The Court will consider what claims survive in the consolidated action.  The Court already dismissed all of Nationwide's claims it asserted in 7:12-cv-96 prior to consolidation.  But, the Court has now consolidated 7:12-cv-96 and 7:12-cv-137.  Therefore, EEISD's claims from 7:12-cv-137, and Nationwide and Greene's counterclaims from 7:12-cv-137 (the "counterclaims") are still before the Court.  The Court must now consider if any of Nationwide and Greene's counterclaims survive.

Beginning with the RICO Act counterclaims, the Court finds that they should be dismissed.  As the Court found above, EEISD cannot be held liable under the RICO Act because it is a school district.  Because it would be impossible for Nationwide and Greene to amend their

---

[46] Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 413-14 (Tex. 2011).

counterclaims to state a RICO Act counterclaim against EESID, the Court **DISMISSES** the RICO Act counterclaims.

Turning to the state law counterclaims, Nationwide and Greene once again face the barrier of governmental immunity. Because Nationwide and Greene raised these claims as counterclaims, the Court must consider a type of waiver not implicated above. Specifically, the Court must consider whether EEISD waived its governmental immunity by suing Nationwide and Jeff Greene.

> In *Reata Construction Corp. v. City of Dallas*, the Texas Supreme Court held:
>
> "[t]he decision by the City of Dallas to file suit for damages encompassed a decision to leave its sphere of immunity from suit for claims against it which are germane to, connected with and properly defensive to claims the City asserts. Once it asserts affirmative claims for monetary recovery, the City must participate in the litigation process as an ordinary litigant, save for the limitation that the City continues to have immunity from affirmative damage claims against it for monetary relief exceeding amounts necessary to offset the City's claims."[47]

Accordingly, the Court must now determine whether EEISD has asserted affirmative claims for monetary relief. In a section of its petition in 7:12-cv-137 entitled "Suit for Declaratory Relief" EEISD asserted the following claims:

> Plaintiffs [EEISD] allege that Defendant Green was hired by written contract authored by Green to perform Public Adjuster services for EEISD. Defendant's contract was properly and timely terminated upon discovering that Green's contract contained numerous illegal and impermissible terms. Green negligently violated Rules governing public adjusters and attempted to collect illegal fees. Green's contract with Plaintiff is void as a matter of law for which Plaintiff seeks declaratory relief.
> Pleading further, Green negligent (sic) performed adjusting services and failed to collect millions of dollars previously available as FIMA (sic) disaster relief resulting from Hurricane Dolly. Defendants' failure to timely and correctly submit proof has caused Plaintiff EEISD to sustain millions in lost disaster relief for which Plaintiff now sues.[48]

---

[47] 197 S.W.3d 371, 377 (Tex. 2006).
[48] 7:12-cv-137, Dkt. No. 1-2 at p. 4.

Although EEISD labeled this section as a request for declaratory relief, it is clear that EEISD is asserting an affirmative claim for monetary relief. Therefore, EEISD has waived its immunity "from suit for claims against it which are germane to, connected with and properly defensive to claims [EEISD] asserts."

Here, it appears that all of the state law claims raised by Nationwide and Greene as counter-claims in 7:12-cv-137, are germane to and connected with the claims asserted by EEISD. On the other hand, they do not appear to be entirely defensive because Nationwide and Greene do not specifically limit their counterclaims to the amount necessary to offset EEISD's claims.

Because the parties apparently failed to contemplate the applicability of this type of immunity waiver, the Court will permit them to respond in the following manner: First, EEISD may amend its complaint on or before January 22, 2013. Second, Nationwide and Greene may amend their answer and counterclaims on or before February 21, 2013. Because EEISD may completely shield itself from liability for damages by eliminating its own claims for damages,[49] the Court will withhold its ruling on the motion to arbitrate until after the parties have been given an opportunity to amend their pleadings.

---

[49] City of Dallas v. Albert, 354 S.W.3d 368, 374-77 (Tex. 2011).

## IV.     Conclusion

After reviewing the motion, response, reply, supplemental response, record, and relevant authorities, the Court **DISMISSES** the RICO Act claims against EESID, and the Court finds that EEISD has governmental immunity to the state law claims asserted by Nationwide in its complaint and **DISMISSES** those state law claims.  Furthermore, the Court **DISMISSES** Nationwide and Greene's counterclaims under the RICO Act.  The Court will permit EEISD to amend its complaint on or before January 22, 2013.  Nationwide and Greene may amend their answer and counterclaims on or before February 21, 2013.

IT IS SO ORDERED.

DONE this 20th day of December, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE